IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MUTUAL OF OMAHA INSURANCE COMPANY and UNITED OF OMAHA LIFE INSURANCE COMPANY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. ) 05-0640-BH-B |
| JOETTA BERRY, JANET BERRY and MACK FUNERAL HOME, INC., | ) ) ) |
| Defendants. | ) |

**ORDER**

This interpleader action, involving life insurance proceeds in the amount of $17,692.55, is now before the court on the response (Doc. 21) of Defendant Joetta Berry, the only response filed in this action, to a motion (Doc. 16) to discharge and dismiss the plaintiffs, Mutual of Omaha Insurance Company and United of Omaha Life Insurance Company.  Ms. Joetta Berry requests that the Court grant plaintiffs' motion.  The remaining two defendants, Janet Berry and Mack Funeral Home, Inc., have failed to appear or otherwise defend themselves in this action.  It is therefore **ORDERED** that plaintiffs' motion be and is hereby **GRANTED** in that said plaintiffs be and are hereby **DISMISSED** from this action and **DISCHARGED** of any further liability to the above-

named defendants in this case, namely Joetta Berry, Janet Berry and Mack Funeral Home, Inc., under the policy issued to Tex R. Berry, deceased, namely Policy No. 7403396.[1]

Ms. Joetta Berry further requests that the Court "order the lawsuit proceeds paid to Plaintiff's attorney for distribution to Mack Funeral Home ($1,284) with the balance paid to Defendant Joetta Berry and her attorney Floyd C. Enfinger Jr."  There is, however, nothing in the record to indicate that plaintiff's counsel consented to assume such responsibility to pay Mack Funeral Home.  In point of fact, plaintiffs and their counsel have specifically sought to be dismissed and discharged of any further liability to any of the defendants, and Ms. Joetta Berry consented to same.  The Court is willing to permit Ms. Joetta Berry's attorney to distribute the requested $1,284 to Mack Funeral Home if he consents to take on that responsibility.

As to the balance of the insurance proceeds on deposit with the Court, less sums statutorily due to be paid to the Court as its fee, the Court is prepared to order distribution only when Ms. Joetta Berry's counsel files a notice setting forth: (1) exactly who is to be the payee or payees; (2) the address of each payee; and (3) the proper identification number (either the social security number or tax identification number) for each payee.

**DONE** this 6th day of April, 2006.

                                                      s/ W. B. Hand
                                           SENIOR DISTRICT JUDGE

---

[1] This Court is without authority to adjudicate the rights of any individual not properly summoned to appear before it.